## MATTER OF SAFETRAN

### In Visa Petition Proceedings

### SRC-N-7343

*Decided by Commissioner April 24, 1989*

(1) Although not specifically addressed in the regulations, the 5- or 6-year limit of stay imposed on "H-1" and "L-1" nonimmigrant aliens is cumulative; it includes both the time spent in the United States as an "H-1" and as an "L-1" in the same 5- or 6-year period of time.

(2) In order to establish the existence of extraordinary circumstances warranting an extension of temporary stay for a sixth and final year, the petitioner bears the burden of submitting evidence clearly detailing the extreme hardship it will encounter as a result of the termination of the beneficiary's services.

ON BEHALF OF PETITIONER:   Paul Soreff, Esquire
Allison, Soreff & Garber
1326 South Third Street
Louisville, Kentucky 40208

The nonimmigrant visa petition was denied by the director and is now before the Commissioner on appeal. The appeal will be dismissed.

The petitioner seeks to extend the validity of the petition approved on behalf of the beneficiary as its director of transit marketing. The director determined the petitioner had failed to demonstrate its intent to employ the beneficiary on a temporary basis.

On appeal, counsel for the petitioner argues that the beneficiary has been in the United States as an "H-1" nonimmigrant alien for less than 3 years and that there is no regulatory authority to include the beneficiary's time in the United States as an "L-1" nonimmigrant into the 5-year limit of stay imposed by regulation. In the alternate, counsel argues that if the two periods of time are considered as one, an extension for a sixth and final year is warranted due to the presence of extraordinary circumstances.

The record in this matter reflects that the beneficiary initially entered the United States in August 1982 as an "L-1" and subsequently changed his nonimmigrant status to an "H-1" in May 1985. At the time the petition was filed the beneficiary had been in the United States for approximately 5 years. Current regulations at 8 C.F.R. § 214.2 (1988), effective March 30, 1987, and published in the Federal

49

Register, 52 Fed. Reg. 5738 (1987), have made 6 years the *maximum* limit for temporary stay for "H-1" nonimmigrant aliens. Additionally, 8 C.F.R. § 214.2(h)(11)(ii) (1988) provides that an extension not to exceed 1 year may be granted beyond 5 years only under extraordinary circumstances. The key issue in this matter is whether the beneficiary's previous time as an "L-1" should be included in the 5- or 6-year cap imposed by regulation.

Upon review, it is held that it is the intent of the regulations to include the time spent both as an "H-1" and "L-1" into the same 5- or 6-year period of stay. The regulation at 8 C.F.R. § 214.2(l)(12) (1988) specifically discusses the readmission into the United States of an "L-1" who has been in the United States as an "H-1." Likewise, the regulation at 8 C.F.R. § 214.2(h)(10)(ii) (1988) discusses the readmission of an "H-1" alien into the United States who has previously been in the United States as an "L-1" nonimmigrant alien. Therefore, although not specifically addressed in the regulation, it must be inferred that it was the intent of the regulation to include both periods of time as an "H-1" and as an "L-1" into the same 5-year period of stay. It would not be consistent to allow an alien beneficiary to remain in the United States for a possible period of 10 to 12 years, 5 or 6 years as an "L-1" and then 5 or 6 years as an "H-1," but then to preclude from admission an alien seeking entry as an "H-1" or "L-1" who had departed the United States after completion of a 5- or 6-year period of stay as "H-1" or an "L-1."

As the beneficiary has been in the United States for approximately 5 years as of the date the petition was filed, an extension may be granted only if it is shown that extraordinary circumstances exist justifying such an extension. Extraordinary circumstances exist when it is demonstrated that the termination of the beneficiary's services would impose an extreme hardship on the petitioner or that the beneficiary's services are in the national interest, welfare, or security of the United States.

The petitioner is a firm which is involved in supplying railway signal equipment. It is presently in the process of bidding on two proposed projects in Taiwan to supply signaling equipment for their new railroad lines. These projects are deemed to be essential to the petitioner's continued financial viability. It is also argued that the projects are in the national interest, as they will diminish the United States trade deficit.

It is claimed that the beneficiary in this matter is involved in the petitioner's contract negotiations for these projects and that his services are crucial to these negotiations. However, sufficient evidence has not been submitted clearly establishing that these negotiations cannot be successfully completed by another individual presently

employed by the petitioning entity. Further, the record does not establish that the beneficiary possesses some special knowledge or skill which makes him essential to the petitioner. Lastly, the petitioner has failed to submit financial documentation establishing the extreme hardship the petitioner will experience if it does not obtain the contracts.

In nonimmigrant visa petition proceedings, the burden of proving eligibility for the benefit sought remains entirely with the petitioner. *Matter of Caron International, Inc.,* 19 I&N Dec. 791 (Comm. 1988); *see also Matter of Shaw,* 11 I&N Dec. 277 (D.D. 1965). The petitioner has failed to meet the burden of proof required in this proceeding.

**ORDER:**    The appeal is dismissed.